UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAMONA CARBO** | CIVIL ACTION NO: _____ |
| **VERSUS** | JUDGE _____ |
| **WAL-MART LOUISIANA, LLC** | MAGISTRATE _____ |
| | **Jury Trial Requested** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL AND DEMAND FOR TRIAL BY JURY

WAL-MART LOUISIANA, LLC, defendant in the state court suit brought by plaintiff in the suit entitled "Ramona Carbo v. Wal-Mart Louisiana, LLC" Docket No. 134,916 "C" of the 16th Judicial District Court, Parish of St. Mary, Louisiana, files this Notice of Removal of this case from the 16th Judicial District Court for the Parish of St. Mary, Louisiana, in which it is now pending to the United States District Court for the Western District of Louisiana.

1.

This case was commenced in the 16th Judicial District Court for the Parish of St. Mary, Louisiana, on June 18, 2020, as shown by a copy of the Petition for Damages, attached hereto as Exhibit "A."

2.

Since plaintiff did not state in her original Petition for Damages whether the matter in controversy exceeds $75,000, defendant served Interrogatories asking whether or not the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, a copy attached as Exhibit "B."

3.

Defendant received an affirmative reply to this interrogatory by facsimile on August 19,

2020, a copy attached as Exhibit "C." Since that time, no other process, pleadings or orders have been served on defendant.

4.

Plaintiff's action is one of a civil nature in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, for injuries allegedly received when, according to plaintiff's petition, she was shopping on July 20, 2019, at Wal-Mart store located at 973 Highway 90E, Morgan City, Louisiana, when she slipped in some liquid on the floor and fell.

According to her medical records attached hereto as Exhibit "D," she was admitted to Thibodaux Hospital following the accident with right hip pain. Two days later she went to Baton Rouge Medical Center with complaints of right low back pain with radiation down her right leg and followed up with Dr. Graves with continued right hip pain. A CT scan was normal. About two months post-accident she had a lumbar MRI which revealed degenerative disc disease with disc bulges and protrusions, which was overall similar to a pre-accident MRI of October 16, 2018. Dr. McCarthy gave her an L5-S1 epidural steroid injection for lumbar radiculopathy about three months post-accident, which provided some relief. She was also reporting right knee pain. X-rays revealed bony growths and degenerative changes. A right knee MRI four months post-accident revealed a posterior cruciate ligament tear, as well as degenerative conditions of the meniscus and chondromalacia. About five months post-accident she was reporting pain in her upper back and low back but without a trauma which started seven days earlier and she was concerned it was her kidneys. We have received medical bills, as per the attached summary marked as Exhibit "E," of $30,943.78 and we do know there are some bills that we are missing.

$50,000 was awarded in *Rabon v. Smithkors*, 238 So.3d 1013 (3rd Cir. 2018), for a man who experienced back and neck pain after an automobile accident. He underwent physical therapy and

then a lumbar injection when a MRI revealed degenerative changes and a bulging disc. $50,000 was awarded to a woman with treatment by steroid injections for a chronic back strain and lumbar bulging discs, as well as fluid crepitus of the knee in *Ford v. Bituminous Ins. Co.*, 115 So.3d 1253 (3rd Cir. 2013). $100,000 was awarded in *Fontenot v. Laperouse*, 774 So.2d 278 (3rd Cir. 2000), for an L3-4 disc herniation and an L4-5 bulging disc when there was conflicting medical testimony as to whether the surgery was necessary.

Insofar as the knee injury is concerned, $35,000 was awarded to a man who aggravated asymptomatic chondromalacia in both knees in *Moody v. State Farm Mut. Auto. Ins. Co.*, 872 So.2d 630 (3rd Cir. 2004). Therefore, general damages and medical bills could possibly exceed $75,000.

5.

Defendant will be contesting the liability and damage aspect of this case and the causal relationship of some of the plaintiff's complaints to the accident in question. Defendant will be questioning the nature and extent of the plaintiff's complaints and treatment. Defendant does not state in this Removal pleading, nor does defendant intend to argue at trial or post trial, that plaintiff is entitled to any amounts, much less an amount greater than $75,000. However, that does not mean that the matter in controversy as claimed by plaintiff does not exceed the sum or value of $75,000. It is anticipated, based upon plaintiff's discovery responses, that plaintiff will attempt to recover an amount in excess of $75,000. Defendant disputes that the plaintiff's injuries are as severe as she claims. However, the issue is what is the amount in controversy. The amount in controversy should be determined by the greatest amount the plaintiff could reasonably attempt to recover at trial. If for any reason plaintiff was to oppose this Removal, and if the court was to remand the case to state court, we would respectfully request that this court enter an order preventing the plaintiff from attempting to recover any amounts in excess of $75,000 at any subsequent state court trial.

Otherwise, defendant would be barred from trying the case in federal court while the plaintiff could attempt to recover an unlimited amount of damages in state court.

The said civil action as against the removing defendant is one in which the District Courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, et seq., by virtue of the fact that at the time of the commencement of this action, and at all times since that time, plaintiff is a resident of and domiciled in the Parish of Iberville, Louisiana (as shown by the Petition for Damages, Exhibit "A"); Wal-Mart Louisiana, LLC, is a Delaware limited liability company. The sole member of Wal-Mart Louisiana, LLC, is Wal-Mart Stores, East, LP, a Delaware limited partnership, of which WSE Management, L.L.C., a Delaware limited liability corporation, is the general partner, and WSE Investment, L.L.C., a Delaware limited liability corporation, is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores, East., L.L.C., an Arkansas limited liability corporation, whose sole member is Walmart Inc. (as shown by Exhibit "F") and by virtue of the fact that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

6.

Upon the filing of this Notice of Removal, written notice thereof is hereby given to all adverse parties, and a Notice of Removal is being filed with the Clerk of the aforesaid state court to affect the removal of the said civil action as against the removing defendant, all as provided for by law.

7.

This cause is specifically removable to this Honorable Court pursuant to law, particularly the provisions of 28 U.S.C. §1441, et seq.

8.

Defendant reserves all rights to object to the jurisdiction of the state court proceedings should this court ultimately hold that this action was not removable or improperly removed thereto.

9.

In defendant's original Answer, we specifically reserved our right to request a trial by jury in the event the matter in controversy exceeded the sum or value of $75,000. As a result of the Plaintiff's Answers to Interrogatories and as a result of removal of this matter to federal court, defendant is entitled to and specifically requests a trial by jury on all issues filed herein or to be filed hereinafter.

WHEREFORE, premises considered, defendant prays that this Notice of Removal be accepted as good and sufficient, and that the aforesaid civil action be removed from the 16th Judicial District Court for the Parish of St. Mary, Louisiana, and into this Court for trial and determination as provided by law, particularly 28 U.S.C. §1441, et seq., and thereupon to proceed with said civil action as though originally commenced in this court and for all orders and decrees as may be necessary or appropriate in such cases made and provided. Defendant further prays for a trial by jury on all issues filed herein or to be filed hereinafter.

Respectfully submitted,

SWIFT & RHOADES, L.L.P.

By: _____
JOHN G. SWIFT (#12612)
DONNA R. MOLIERE (#01492)
P.O. Box 53107
Lafayette, LA 70505-3107
(337) 572-9877 - Fax (337) 572-9737
jswift@swiftrhoades.com
ATTORNEYS FOR DEFENDANT, WAL-MART LOUISIANA, LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAMONA CARBO** | **CIVIL ACTION NO:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **WAL-MART LOUISIANA, LLC** | **MAGISTRATE** _____ <br> **Jury Trial Requested** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

STATE OF LOUISIANA
PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared JOHN G. SWIFT, of lawful age, being duly sworn upon his oath, says that he has prepared and read the foregoing Notice of Removal and that the matters contained therein are true and correct to the best of his knowledge, information and belief and that a copy of the removal has been forwarded to the attorney for plaintiff by depositing same in the U.S. mail, postage prepaid and properly addressed.

_____
JOHN G. SWIFT

SWORN TO AND SUBSCRIBED before me this 15th day of September, 2020.

_____
ELIZABETH B. COLE
NOTARY PUBLIC
Notary Identification No. 13315