| | |
|---|---|
| **RAMONA CARBO** | **1 3 4 9 1 6**<br>**CASE NO:**     DIV: Div. "C" |
| **VERSUS** | **16TH JUDICIAL DISTRICT COURT**<br>**PARISH OF ST. MARY** |
| **WAL-MART LOUISIANA, LLC** | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, RAMONA CARBO, being of the full age of majority, and a resident of and domiciled in the PARISH OF IBERVILLE, STATE OF LOUISIANA, who respectfully represents that:

1.

Made Defendants herein is:

a. WAL-MART LOUISIANA, LLC, upon information and reasonable belief to be a limited liability company authorized to do and doing business in the State of Louisiana

2.

Venue is proper in the Parish of St. Mary pursuant to Louisiana Code of Civil Procedure Article 74, as this is where the wrongful conduct occurred.

3.

Defendant, WAL-MART LOUISIANA, LLC, is justly and truly indebted, to Plaintiff in an amount that is just and reasonable in the premises, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

4.

On or about July 20, 2019, at approximately 12:30 p.m., Plaintiff, RAMONA CARBO, was a customer in the Wal-Mart store located at 973 Highway 90 E, Morgan City, LA 70380.

5.

On the same date and location set forth above, Plaintiff was traversing safely and without incident through the Wal-Mart store.

6.

Upon Plaintiff entering the meal aisle portion of the subject Wal-Mart store, Plaintiff slipped and fell in some liquid which was on the floor.



7.

Plaintiff shows the condition of the floor was not an open and obvious condition and maintained no characteristics to be visually distinctive.

8.

Due to the above-described incident, Plaintiff, RAMONA CARBO, suffered harms and losses as defined by Louisiana law, historically referred to as special damages and general damages, which will be proven at the trial of this matter, including but not limited to:

a. Past medical expenses;
b. Future medical expenses;
c. Lost wages;
d. Loss of earning capacity;
e. Pain and suffering;
f. Loss of enjoyment of life.

9.

The above-described incident and all of Plaintiff's resulting damages were proximately caused by the fault and negligent acts and omissions of WAL-MART LOUISIANA, LLC, including but not limited to:

a. Failure to maintain a safe environment for customers;
b. Failure to warn of the unreasonably dangerous condition
c. Failure to properly train and instruct employees to maintain a safe environment for customers;
d. Creating an unsafe and hazardous condition;
e. Failure to remove the unreasonably dangerous condition;
f. Failure to barricade, close the subject area, and/or re-direct customer traffic while a hazard was present;
g. Allowing the subject hazard to exist in place for such a period of time that had Wal-Mart been acting as a prudent merchant, it would have learned of and remedied the hazard; and
h. Having direct and/or constructive knowledge of the unreasonably dangerous condition and failing to timely remedy the problem.

10.

In addition to the negligence of WAL-MART LOUISIANA, LLC pled above, WAL-MART maintains strict protocols designed for safe operation when customers are expected to be present, including a systematic approach to insuring its floors and walking surfaces are free from any slip hazards or other materials which would create an environment conducive to a customer slipping and falling. These protocols include, but are not limited to:

a. Maintaining constant awareness of the presence of any hazards or other materials on the floor;
b. Warning patrons of dangerous conditions on the floor;

c. Scheduling mopping and other store cleaning activities during non-peak and/or non-operational hours to minimize customer presence;
d. Scheduling an adequate number of employees to insure timely inspection of the aisles are conducted to identify any potential slip hazards;
e. Re-routing customers' paths of travel around and/or away from the presence of slip hazards or other materials present onf the floor; and
f. Deploying an adequate number of wet floor signs and/or floor mats in areas known and/or expected to be wet.

11.

Plaintiff, RAMONA CARBO, claims all just and reasonable damages allowed by Louisiana law which will be proven at the trial of this matter.

12.

Plaintiff respectfully requests written notice to counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, rule, or trial on the merits in this proceeding pursuant to Louisiana Code of Civil procedure Article 1572. Plaintiff further requests, pursuant to Louisiana Code of Civil Procedure Articles 1913 and 1914, immediate notice to counsel of all interlocutory and final orders and judgments on any exception, motion, rule, or trial on the merits in this proceeding.

WHEREFORE, Plaintiff prays that Defendants, WAL-MART LOUISIANA, LLC, be duly cited and served with this Petition for Damages, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against Defendants, individually and *in solido*, for all such damages as are reasonable, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

**BEALL & THIES, LLC**
Attorneys at Law
351 St. Ferdinand Street, Ste. A
Baton Rouge, Louisiana 70802
Tel: 225.383.3499
Fax: 225.383.3599

Russell W. Beall, Bar Roll No. 27374
William W. Thies, Bar Roll No. 27890
Jacob H. Thomas, Bar Roll No. 36700
G. Aaron Humphreys, Bar Roll No. 36876
Britney R. Duke, Bar Roll No. 38200

**PLEASE SERVE:**

WAL-MART LOUISIANA, LLC
*Through its agent for service of process:*
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

A FACSIMILE OF THIS PLEADING
WAS RECEIVED AND FILED ON

JUN 18 2020

CLERK'S OFFICE, FRANKLIN, LA

JUN 23 2020
A true copy of the original
Attest _____
By. Clerk of Court

RECEIVED AND FILED

JUN 22 2020
Dy. Clerk of Court