UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAMONA CARBO** | **CASE NO. 6:20-CV-01192** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WAL-MART LOUISIANA L L C** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion to Remand (Rec. Doc. 8) and Motion for Leave to File First Amended Petition for Damages (Rec. Doc. 7). Wal-Mart Louisiana, LLC opposed the Motions. (Rec. Doc. 10 and 11). The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motions be DENIED.

## Factual Background

Plaintiff filed this suit in state court against Wal-Mart following a slip and fall incident at the Morgan City, Louisiana Wal-Mart. (Rec. Doc. 1-1). Wal-Mart removed the case to this Court on September 15, 2020 based on diversity jurisdiction. (Rec. Doc. 20). Wal-Mart's basis of removal was the receipt of Plaintiff's responses to interrogatories on August 19, 2020, which indicated an

amount in controversy exceeding $75,000 based upon medical records provided. (Rec. Doc. 1, ¶3 and 4).

Plaintiff filed the Motion to Remand on two grounds: 1) Wal-Mart's removal was untimely; and 2) Plaintiff seeks to add an additional, nondiverse defendant, which would render federal diversity jurisdiction improper. Plaintiff filed a separate Motion for Leave to Amend, seeking to add Wal-Mart assistant manager, Scarla Celestine, as a nondiverse defendant.

## Law and Analysis

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Wal-Mart, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that it complied with removal procedures. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

The parties do not dispute, and the Court agrees, that Plaintiff and Wal-Mart are diverse. Neither do the parties dispute that the amount in controversy exceeds $75,000. Rather, Plaintiff challenges the timeliness of Wal-Mart's removal and the

propriety of diversity jurisdiction after her proposed amendment to add the assistant store manager as a defendant.

## I. Timeliness of removal.

Generally, a defendant may remove a case within thirty days of service of a pleading indicating that removal is proper. 28 U.S.C. §1446(b)(1). When the initial pleading does not indicate whether removal is proper, the defendant may remove the case within thirty days "after receipt…through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

In *Bosky v. Kroger Texas, LP*, the Fifth Circuit discussed the differing standards for removal based upon the initial pleading under §1446(b)(1) and removal based upon the receipt of subsequent pleadings or "other paper" under §1446(b)(3). *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002). Under (b)(1), the 30-day time limit commencing with the initial pleading is triggered "only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Id*. (emphasis in original). (citations omitted). Under (b)(3), the 30-day time limited commencing with the receipt of subsequent pleading or "other paper" is triggered by receipt of

3

information which is "unequivocally clear and certain." Holding that the latter standard is clearer than the former, the court reasoned:

> This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Id.* at 211, adopting the Tenth Circuit's approach in *DeBry v. Transamerica Corp.,* 601 F.2d 480 (10th Cir.1979).

The parties do not dispute that Plaintiff's Petition did not affirmatively establish an amount in controversy exceeding $75,000. See Petition at Rec. Doc. 1-1, which does not set forth an amount of alleged damages. Rather, the parties dispute the timing and sufficiency of the "other paper" triggering Wal-Mart's removal. Plaintiff contends that Wal-Mart had thirty days from receipt of her response to its Request for Admission:

> REQUEST FOR ADMISSION NO. 1:
> Do you admit no individual cause of action arising out of the incident which occurred on or about July 20, 2019, which is the subject of the captioned matter, exceeds the sum of $50,000.00, exclusive of interest and costs?
>
> RESPONSE TO REQUEST FOR ADMISSION NO. 1.
> Plaintiff objects to the subject Request for Admission, to the extent that the answers may be deemed the final answer on the issue. Discovery has just begun and plaintiff reserves the right to supplement and/or amend this answer as new and more accurate information becomes available. Subject to this objection, and in the spirit of amicable discovery, plaintiff's response is as follows: Denied. Plaintiff remains

>under a doctor's care and the full extent of plaintiff's injuries has yet to be discovered.

(Rec. Doc. 8-4).

Plaintiff faxed the foregoing response on August 6, 2020. (Rec. Doc. 8-4, p. 2). She argues that Wal-Mart therefore had thirty days, or until September 5, to remove, but that Wal-Mart did not remove the case until September 15, 2020. Wal-Mart contends that its deadline to remove did not commence until August 19, 2020 when it received Plaintiff's responses to interrogatories and request for production in which Plaintiff produced medical records and bills indicating an amount in controversy which could exceed the jurisdictional threshold. (Rec. Doc. 10, p. 3, footnote 5). "To qualify as an 'other paper' [sufficient to trigger removal] the discovery response must be 'unequivocally clear and certain,' so that defendant may ascertain the action's removability." *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011). At least one other court in this district has found that the plaintiff's response to a request for admission that damages "may" exceed $75,000, without further information, was insufficient to trigger the removal deadline. *Smith v. Walmart Inc.,* No. CV 19-00964, 2019 WL 6522292, at *2 (W.D. La. Nov. 5, 2019), *report and recommendation adopted,* No. 2:19-CV-964, 2019 WL 6517056 (W.D. La. Dec. 3, 2019).

The Court agrees with Wal-Mart that Plaintiff's Responses to Requests for Admission were not unequivocally clear and certain that damages would exceed

5

$75,000. Plaintiff's Response indicates only that her damages could exceed that amount, but it was premature to definitively assert as much at that time. Plaintiff did not provide any information as to the nature of her claims until she provided responses to Wal-Mart's interrogatories and requests for production. Thus, the Court finds that Wal-Mart's 30-day deadline to remove did not commence upon receipt of Plaintiff's responses to requests for admission, but rather, upon receipt of Plaintiff's responses to interrogatories and request for production, with attached medical documentation establishing the nature of the alleged damages, on August 19, 2020.

Although Plaintiff has not challenged that the amount in controversy does in fact exceed $75,000, the Court is obligated to ascertain whether the jurisdictional threshold is satisfied to ensure federal jurisdiction is proper. According to Plaintiff's medical records provided in discovery responses, Plaintiff has treated for right hip pain and low back pain with radiation down her right leg since the accident. A lumber MRI revealed degenerative disc disease with bulges and protrusions. She underwent an L5-S1 epidural steroid injection. She is also claiming a right knee injury. An MRI of her right knee revealed a posterior cruciate ligament tear with degenerative conditions of the meniscus and chondromalacia. According to Wal-Mart's calculation, her medical bills total at least $30,943.78. (Rec. Doc. 11-4 and 11-5). Wal-Mart also cited cases wherein plaintiffs with similar injuries were awarded in excess of $50,000 for general damages. (See e.g. *Ford v. Bituminous Ins.*

*Co.*, 115 So.3d 1253 (La.App. 3 Cir. 2013), in which the Louisiana Third Circuit held that $50,000 was the lowest reasonable general damage award for spine and left knee injuries, with conservative treatment including epidural steroid injections). Accordingly, the Court finds that the amount in controversy exceeds $75,000, and diversity jurisdiction exists.

## II. Whether amendment to add a nondiverse defendant is permissible.

Plaintiff next seeks remand based on the requested addition of a nondiverse defendant, Wal-Mart assistant store manager, Scarla Celestine. Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." However, in removed cases, a district court has discretion to either grant or deny the amendment of a complaint when subject-matter jurisdiction is based on diversity, and the plaintiff seeks to amend the complaint to add a nondiverse party. 28 U.S.C. § 1447(e); *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, *2 (E.D. La. 2005) (citing *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997)). See also *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001). Thus, when faced with a motion to amend a complaint to add a nondiverse defendant in a removed case, federal courts are required to scrutinize the proposed amendment more closely than they would other proposed amendments. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Deciding whether to

permit an amendment that would destroy the court's subject-matter jurisdiction requires a balancing of the diverse defendant's interest in retaining the federal forum with the plaintiff's competing interests. *Id*. In such a situation, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). The decision of whether to deny joinder or permit joinder and remand is within the discretion of the district court. *Hensgens*, 833 at 1182.

In *Hensgens v. Deere & Co.*, the Fifth Circuit identified four factors that should be considered in deciding whether to permit a diversity-destroying amendment: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities. *Id*. The Court addresses each factor in turn.

1. **Whether the purpose of the amendment is to defeat federal jurisdiction.**

In analyzing the first *Hensgens* factor, courts consider whether the plaintiff knew the identity of the nondiverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the nondiverse defendant. See, e.g., *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012), *report and recommendations adopted*, 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Texas,*

*LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016). A plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. See *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Allen v. Walmart Stores, L.L.C.,* 907 F.3d 170, 186 (5th Cir. 2018). However, the plaintiff's knowledge of the nondiverse defendant's identity upon initially filing suit in state court, yet failure to name him as a defendant at that time, suggests that the motion to amend was intended to frustrate diversity jurisdiction. See *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 889 (S.D. Tex. 2010) (collecting cases).

Plaintiff maintains that she did not know Ms. Celestine's identity, and thus could not name her as a party until after receiving Wal-Mart's discovery responses. Although this consideration alone leans in Plaintiff's favor, the Court must also consider whether Plaintiff has a valid claim against Ms. Celestine. Plaintiff alleges generally that Ms. Celestine was the assistant manager on duty at the time of the incident and that she is liable for failure to maintain a safe environment, failure to warn of the unreasonably dangerous condition, and other similar general alleged acts of negligence. (Rec. Doc. 7-3).

Whether Plaintiff has stated a valid claim against Ms. Celestine turns upon a Rule 12(b)(6) analysis, which is similar to an improper joinder analysis. *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004). Under Louisiana law,

a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the employer to the employee.

3. The employee has breached this duty through personal fault, as contrasted with technical or vicarious fault.

4. Personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages. Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate.

*Canter v. Koehring Co.,* 283 So.2d 716, 721 (La.1973), *superseded on other grounds by statute*; *Ford v. Elsbury,* 32 F.3d 931, 936 (5th Cir.1994).

Following *Canter*, the plaintiff does not have a claim against the store's employee absent allegations of the employee's personal fault. Here, Plaintiff alleges that Ms. Celestine breached general duties which amount only to her administrative duties as store manager. Plaintiff did not allege any facts suggesting that Ms. Celestine was personally responsible for the spill, that she personally knew or should have known about the spill, or that she otherwise had any personal involvement in the accident. To the contrary, Ms. Celestine affirmed through Declaration that she was notified of the incident after its occurrence and that she did not have any

10

knowledge or reason to have knowledge of the substance on the floor. (Rec. Doc. 11-1). Thus, the Court finds that Plaintiff has not stated a valid claim against Ms. Celestine. This ruling is in accord with other decisions on the same issue. See e.g. *Carter v. Wal-Mart Stores Inc.,* No. CIV.A. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005) (finding that nondiverse store managers were not proper parties absent any evidence that they had any personal involvement in the incident). See also *Brady v. Wal-Mart Stores, Inc.,* 907 F. Supp. 958, 961 (M.D. La. 1995), reaching the same result.

2. **Whether plaintiff was dilatory in requesting the amendment.**

In analyzing the second *Hensgens* factor, courts often examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as well as the amount of time between removal of the case to federal court and the filing of the motion to amend. *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016). In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity beyond the pleading stage has occurred. *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009). However, the analysis is different when the proposed amendment would add a nondiverse defendant after removal and therefore defeat diversity jurisdiction. In that situation, a delay in making the request to amend of two months after filing

the original complaint or thirty days after the notice of removal has been found dilatory. *Phillips v. Delta Air Lines, Inc*., 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). See, also, e.g., *Tharpe v. Affinion Benefits Group, LLC*, No. B-18-22, 2018 WL 3352940, at *5 (S.D. Tex. May 22, 2018), report and recommendation adopted, 2018 WL 3348885 (S.D. Tex. July 9, 2018) (finding a dilatory delay when the amendment was filed more than two months after removal); see also *Wein v. Liberty Lloyds of Tex. Ins. Co*., No. 15–CV–19, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015) (noting that courts have found similar delays dilatory, especially where the plaintiff knew of the nondiverse defendant's role in the case at the time of filing in state court and yet failed to sue that defendant).

In this case, Plaintiff filed suit on June 22, 2020. She sought leave to amend on October 13, 2020, approximately four months after she filed suit and approximately one month post-removal. (Rec. Doc. 7). Although Plaintiff contends that she did not know Ms. Celestine's identity until after receipt of discovery responses, there is no evidence of when she received Wal-Mart's discovery responses. Notably, Plaintiff filed her motion to amend the same day that she filed the motion to remand. This supports the conclusion that Plaintiff's purpose for seeking leave to amend is to defeat diversity jurisdiction.

### 3. <u>Whether the plaintiff will be significantly injured if the amendment is not allowed.</u>

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (citation omitted). Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5. Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor. *Porter v. Times Group*, No. 16-121-JJB-RLC, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

As discussed above, Plaintiff's proposed amendment does not state a claim against Ms. Celestine. Accordingly, she faces no significant prejudice if the amendment is not allowed.

### 4. <u>Other equity factors.</u>

Under the fourth *Hensgens* factor, a court must consider any other factors bearing on the equities. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and… result in parallel state court proceedings…these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant."

*Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570 at *5 (internal citations omitted). Plaintiff has not raised any equitable factors in support of her motion to amend, and the Court appreciates none.

Considering the *Hensgens* factors, and particularly the fact that Plaintiff's proposed amended complaint fails to state a valid claim against Wal-Mart's assistant manager, Ms. Celestine, the Court finds that amendment is improper. Accordingly, because Wal-Mart timely removed the action upon receipt of "other paper" indicating an amount in controversy in excess of $75,000, and because complete diversity exists, federal court jurisdiction is proper.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to File First Amended Petition for Damages (Rec. Doc. 7) be DENIED and that Plaintiff's Motion to Remand (Rec. Doc. 8) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 30th day of November, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE